UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SKYLER CRAYK-BONDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 14-1154-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Skyler Crayk-Bonde appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Supplemental Security Income benefits. Because the ALJ's decision was supported by substantial evidence in the record, as discussed below, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his application for benefits on September 9, 2011, alleging disability beginning May 10, 2011. Administrative Record ("AR") 10. The ALJ found that Plaintiff had the severe impairments of a learning disorder and borderline intellectual functioning. AR 12. The ALJ determined that Plaintiff's

mental impairments did not meet or equal Listing 12.05. AR 13. The ALJ concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy which he could perform despite his impairments. AR 17-19.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in failing to find that Plaintiff's mental impairments met or equaled Listing 12.05(C).[1] See Joint Stipulation ("JS") at 3.

## III.
## DISCUSSION

Listing 12.05(C) covers intellectual disabilities and provides in part as follows:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C.   A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. § 404, subpt. P, app. 1 § 12.05.

---

[1] Plaintiff does not contend that he satisfied the criteria of subparagraphs (A), (B), or (D).

2

The ALJ found that Plaintiff's impairments did not meet or equal Listing 12.05(C) as follows:

> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Although the claimant had a full-scale IQ score of 66, he does not have a physical or other mental impairment imposing an additional and significant work-related limitation of function.

AR 13.

At step three of the five-step sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "meet" a listed impairment, the claimant must establish that he satisfies each element of the listed impairment in question. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1099. To "equal" a listed impairment, a plaintiff "must establish symptoms, signs, and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." Tackett, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526); see also 20 C.F.R. § 416.926.

The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an

effort to establish equivalence."); Sullivan, 493 U.S. at 530 (the burden of proof rests with the claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three impairment determination).

Plaintiff contends that the medical record established that he met or equaled Listing 12.05(C) because he had a valid full scale IQ score of 60 to 70 and because he had been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). JS at 6. Plaintiff argues that the following evidence established that his ADHD "impose[d] additional and significant work-related limitation of function": he had ongoing treatment for his ADHD since the eighth grade; he testified at the hearing that he had difficulty paying attention due to his ADHD; and he had been prescribed Adderall in the past for his ADHD, although he was not taking the medication at the time of the hearing. Id.

The Court finds no error in the ALJ's determination that Plaintiff's impairments did not meet or equal each of the required elements of Listing 12.05(C). The ALJ concluded that Plaintiff did meet the first part of 12.05(C) because he was tested by the examining psychologist and found to have a full scale IQ score of 66. AR 13 (citing AR 248-53). However, the ALJ also determined that Plaintiff did not meet the second part of Listing 12.05(C), that is, that his ADHD did not impose an additional and significant work-related limitation of function. AR 13. The Social Security Regulations define the criteria of 12.05(C) with respect to an "additional impairment" as follows:

> For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c)

>and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work.

20 C.F.R. § 404, subpt. P, app. 1 § 12.00(A).

      The ALJ did not find that Plaintiff's ADHD was a severe impairment, a finding which Plaintiff does not dispute here. Nor did Plaintiff make any showing that his ADHD "significantly limit[ed]" his mental ability to do basic work activities. Both the examining psychologist and the State Agency reviewing physicians concluded that Plaintiff was able to work despite his learning disorder and borderline intellectual functioning. See AR 59, 70, 248-53. The ALJ credited the examining and reviewing physicians' opinions by concluding that Plaintiff was able to perform a full range of work at all exertional levels with a limitation to simple, routine, and repetitive tasks. AR 14. The ALJ further credited Plaintiff's testimony that he had difficulty concentrating due to his ADHD by finding that Plaintiff could understand, remember, and carry out only simple job instructions. Id. Plaintiff has not pointed to any other evidence in the record to demonstrate that he suffered any significant limitations due to his ADHD. In fact, by Plaintiff's own admission, when he took his prescribed Adderall, "it makes [him] pay attention better," AR 42, which suggests that the medication was effective in controlling the symptoms of his ADHD. See Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

      When considering the record as a whole, it is clear that Plaintiff has not met his burden of showing that he met or equaled each of the required elements of Listing 12.05(C). See Sullivan, 493 U.S. at 530 (noting that "[a]n

impairment that manifests only some of [the listed] criteria, no matter how severely, does not qualify"). The ALJ reviewed all of the medical evidence in detail and correctly found, at step three of the sequential analysis, that Plaintiff's impairments did not meet or equal Listing 12.05. Plaintiff is therefore not entitled to relief.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: March 23, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge